UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

| | |
|---|---|
| PRENTICE HARRELL DAVIS,<br>          Plaintiff, | CASE NO. 17-CV-0641-PP |
| v. | |
| COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br>          Defendant. | |

---

**ORDER GRANTING MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)**

---

On May 4, 2017, the plaintiff filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

In order to allow a plaintiff to proceed without paying the filing fee, the court must first decide whether the plaintiff has the ability to pay the filing fee, and if not, must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and (e)(2)(B)(i).

Based on the facts presented in the affidavit, the court concludes that the plaintiff does not have the ability to pay the filing fee. The plaintiff filed an affidavit indicating that he is not married, and that he does not provide financial support for anyone. Dkt. No. 2 at 1. He does not receive income, or incur any expenses. Id. at 2. The plaintiff does not hold a checking or savings

1

account and does not own any property. Id. at 3-4. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff asserts the ALJ erred when he sought input from a random doctor who did not know the plaintiff, and was not aware of the seriousness of his disability, concerning both his inability to work and the inability to carry out normal physical activities. Dkt. No. 1 at 3. At this early stage in the case, the court concludes that there may be a basis in law or fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to appeal *in forma pauperis* (Dkt. No. 2).

Dated in Milwaukee, Wisconsin this 22nd day of May, 2017.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge